The opinion of the court was delivered by
White, J.
The defendant was indicted for murder by the grand jury of the parish of Jefferson. The issue made by the indictment was *848 tried within the jurisdiction where the crime was committed — resulting in a mistrial. On application of the State the venue was changed to the parish of Orleans, where the prisoner was found guilty of manslaughter and sentenced to hard labor in the penitentiary. From this verdict and sentence an appeal was prosecuted and the verdict was set aside and the sentence annulled, on the ground that the record did not disclose the arraignment and plea of the prisoner. Opinion Book No.. 49, p. 401.
The accused was again tried, convicted of manslaughter and sentenced to* hard labor, the appeal from this last verdict and sentence being the matter now before us. The record is full of bills of exception, which we will not notice in detail, as our opinion on one of them disposes of the whole case. Before going to trial, or before the impaneling of the trial jury, the defendant filed a plea of autrefois acquit as to the charge of murder, predicated on his previous conviction of may slaughter under the same indictment, which was overruled by the Court on the ground, as stated in the bill of exceptions, “ that the defendant was now in the same position as he was before trial, and that he would now be tried upon said indictment for the crime of murder.” This ruling was erroneous. State vs. Desmond, 5 A. 398; State vs. Chandler, 5 A. 489; State vs. Byrd, 31 A. 422. The doctrine thus upheld by .this court is supported by the greatest weight of authority. Wharton, secs. 550, 563; Bishop, Crim. Law, sec. 849; 30 Wis. 216 ; 42 Indiana, 420 ; 4 California, 376 ; 6 Hum. (Tenn.), 410 ; 54 Ill., 325 ; 11 Iowa, 350.
The fact that the previous verdict of manslaughter was set aside on the ground that the record did not disclose that the prisoner had been arraigned,'does not take the case out of the rule. The effect of the verdict and sentence, as far as the prisoner was concerned, was to acquit him of the charge of murder, and this effect was removed beyond the control of the State, and if the verdict had stood unquestioned by the non-action of the accused, it would have furnished an effectual bar to a further prosecution for murder. This being unquestionably true, the obtention by the accused of a new trial, as to the verdict of manslaughter, can not be considered as a waiver of the right to the plea of autrefois acquit quoad the charge of murder. “ The waiving,” says Bishop, “ of a constitutional right, implied by the making of an application for a new trial, is not construed to extend beyond the precise thing concerning 'which tfie relief is sought. If, therefore, the verdict find the prisoner * * * * ■ * guilty of manslaughter and not gnilty of murder, and a new trial is granted him, he can not be convicted on the second trial of the matter of which he was acquitted on the first.” Bishop, Criminal Law,'sec. 849.
*849 This being the case, there was error in ruling the prisoner to trial on the charge of murder, and, although he was only convicted of manslaughter, the erroneous ruling may have been seriously to his prejudice. State vs. Tweedy, 11 Iowa, 350 ; 29 Mo. 32.
The verdict ánd sentence are reversed and the case remanded to be tried on the charge of manslaughter.